# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ALTON REDFERN, SR., | * |
| | *    No. 18-0026V |
|           Petitioner, | *    Special Master Christian J. Moran |
| | * |
| v. | *    Filed: October 14, 2021 |
| | * |
| SECRETARY OF HEALTH | *    Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | *    reasonable rate for expert |
| | * |
|           Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

<u>Nancy R. Meyers</u>, Turning Point Litigation, Greensboro, NC, for Petitioner; <u>Heather L. Pearlman</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 26, 2021, petitioner Alton Redfern, Sr. moved for final attorneys' fees and costs. He is awarded **$31,484.16.**

\*    \*    \*

On January 4, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the influenza vaccination he received on October 6, 2016, caused him to suffer a shoulder injury related to vaccine administration. Petition at 1. On December 10, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on December 11, 2020. 2020 WL 7975679 (Fed. Cl. Spec. Mstr. Dec. 11, 2020).

On January 26, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $30,596.75 and attorneys' costs of $1,287.41 for a total request of $31,884.16. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Fees App. Ex. 4. On February 9, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on February 9, 2021, concurring that I exercise my judgment in determining a reasonable award of attorneys' fees and costs.

The matter is now ripe for disposition.

\*     \*     \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1).

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of his counsel, Ms. Nancy Meyers: $350.00 per hour for work performed in 2016 and 2017, $375.00 per hour for work performed in 2018, $390.00 per hour for work performed in 2019, and $400.00 per hour for work performed in 2020. These rates are consistent with what Ms. Meyers has previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable herein. See Barreiro v. Sec'y of Health & Human Servs., No. 18-1238V, 2021 WL 3053026, at *2 (Fed. Cl. Spec. Mstr. Jun. 15, 2021); Cooper v. Sec'y of Health & Human Servs., No. 17-408V, 2021 WL 1120982 (Fed. Cl. Spec. Mstr. Feb. 26, 2021); Millender v. Sec'y of Heath & Human Servs., No. 17-274V, 2018 WL 4579894, at *4 (Fed. Cl. Spec. Mstr. Aug. 22, 2018).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds most time billed to be reasonable.  The timesheet entries are sufficiently detailed such that the undersigned can assess their reasonableness. To counsel's credit, care has been taken to go back and retroactively not bill for some tasks which the undersigned has previously noted are clerical or redundant. See, e.g., Berlin v. Sec'y of Health & Human Servs., No. 17-230V, 2018 WL 5816635 (Fed. Cl. Spec.

Mstr. Sept. 26, 2018). The only reduction the undersigned finds necessary is for paralegal time billed for clerical tasks such as filing documents and for some duplicative review of routine filings by both counsel and a paralegal Upon review, the undersigned finds that a $400.00 reduction is reasonable to offset the noted issues. Accordingly, petitioner is awarded final attorneys' fees of $30,196.75.

    C.    <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $1,287.41 in costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by petitioner's treating physician, Dr. Seth Jaffe, in answering two sets of prepared questions which were submitted in lieu of an expert report. For completion of these two questionnaires, petitioner requests $700.00 (a flat rate of $350.00 per narrative statement provided). Petitioner has provided adequate documentation supporting these costs and they are reasonable in the undersigned's experience.

    D.    <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$31,484.16** (representing $30,196.75 in attorneys' fees and $1,287.41 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Ms. Nancy Meyers.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

    **IT IS SO ORDERED**.

                                  <u>s/Christian J. Moran</u>
                                  Christian J. Moran
                                  Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.